NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2017*
Decided May 12, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-3416

| | |
|---|---|
| WILLIE HENDERSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-3027 |
| NAGESWARARAO VALLABHANENI, *Defendant-Appellee.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Willie Henderson is a civil detainee at the Rushville Treatment and Detention Facility under Illinois's Sexually Violent Persons Act, 725 ILCS § 207/40. He asserts that Dr. Nageswararao Vallabhaneni, a Rushville psychiatrist, was deliberately indifferent to

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

his serious medical needs because he prescribed him a psychotropic drug (Lamictal) in 2013 that, Henderson believes, was not medically necessary. The district court granted summary judgment for Dr. Vallabhaneni because the undisputed medical evidence establishes that the drug was reasonably appropriate. For the same reason, we affirm.

Henderson did not oppose Dr. Vallabhaneni's summary-judgment motion, so we take its statement of facts as admitted. *See Gerhartz v. Richert*, 779 F.3d 682, 685 (7th Cir. 2015) (citing *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)). Henderson was committed to Rushville in 2003 and has been diagnosed with anxiety, bipolar disorder, schizoaffective disorder, and depression. A Rushville psychiatrist first prescribed him Lamictal in 2007 for his mood swings, and Henderson consented to the medication. The prescription, from which he reported no negative side effects, was renewed several times before Henderson stopped taking the drug in 2011. He believes that as of May 2011, he no longer needed any psychiatric medication and does not recall being prescribed any. But Dr. Vallabhaneni prescribed an antidepressant to Henderson for his increased stress and mood swings from August 2012 until January 2013. And after April 2013, when Henderson reported increased anxiety in advance of his conditional-release hearing, Dr. Vallabhaneni prescribed Lamictal to treat Henderson's mood swings.

Henderson believes that Dr. Vallabhaneni prescribed Lamictal in 2013, not for medical reasons, but because the assistant state's attorney and judge involved in his conditional-release proceedings asked that he be medicated before his release. But nothing in Henderson's plan for conditional release or the circuit court's order granting conditional release required that Henderson be placed on psychiatric medication. Henderson also believes that the drug causes him adverse side effects, including sexually deviant dreams, which he thinks is the reason that the judge revoked his conditional release. But the state's petition for revocation relied on other problems as well: Henderson's unauthorized possession of photographs of children and his inappropriate contact with a neighbor.

After Dr. Vallabhaneni filed his unopposed motion for summary judgment, Henderson moved for sanctions because Dr. Vallabhaneni had not produced the state court's transcript from his conditional-release proceedings. The district court denied the motion for sanctions because Dr. Vallabhaneni wasn't in possession of the transcripts, and Henderson could have requested the transcripts directly from the Cook County courts but had not. It also granted summary judgment to Dr. Vallabhaneni. It first reasoned that Henderson presented no evidence suggesting that Dr. Vallabhaneni was aware that prescribing Lamictal would pose a substantial risk of harm to Henderson.

*See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rasho v. Elyea*, 850 F.3d 318, 324 (7th Cir. 2017). To the contrary, the court noted, when Dr. Vallabhaneni prescribed Lamictal in 2013 to treat Henderson's renewed mood swings, the doctor knew that Henderson had received the drug for four years beginning in 2007 to treat the mood swings caused by his ongoing bipolar disorder, with no reported negative side effects. Accordingly, the court concluded, the treatment was medically appropriate.

On appeal, Henderson does not develop any challenge to the district court's reasoning, nor does he cite to any legal authority, as he is required to do. FED. R. APP. P. 28(a)(8). We could affirm on that ground alone. *See Long v. Teachers' Ret. Sys. Of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009). And Henderson's failure to oppose Dr. Vallabhaneni's summary-judgment motion constitutes an additional ground of forfeiture. *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). Regardless we have reviewed the record, and we affirm for substantially the same reasons stated by the district court. To the extent Henderson wishes to challenge the revocation of conditional release on the theory that his sexually deviant dreams were caused by the Lamictal, a panel of this court already has advised him that such challenges must be made in a habeas-corpus proceeding, not under § 1983. *See Henderson v. Bryant*, 606 F. App'x 301, 303–04 (7th Cir. 2015).

AFFIRMED.